*W. C. Marshall* for appellant; *Payne & Waller* for appellees.

RINGO'S
*vs*
WARD.

for violating his express covenant in his executorial bond to pay the legacy, and in such action may recover damages equal to the legacy. So by statutes.

---

## Ringo's *vs* Ward.

### ERROR TO THE FLEMING CIRCUIT.

*Executions. Evidence. Officer's justification.*

JUDGE EWING delivered the Opinion of the Court.

REPLEVIN.

*Case 54.*

*November 1.*

The case stated.

THIS is an action of replevin, instituted by the defendant in error against the plaintiffs in error, for a negro womon and child. Ludwell R. Ringo avowed the taking of the slaves, as deputy sheriff of Fleming county, under an execution which issued from Carter, in favor of Burtis Ringo against Jacob Kouns and George W. Ward, as the property of the defendants in the execution, and avers that the slaves belonged to them, and was not the property of Thomson Ward. John R. Ringo made cognizance as the assistant of the deputy in taking the property.

The plaintiff in replevin pleaded to the avowry and cognizance, that the slaves were the property of the plaintiff at the time of taking, as alleged in his declaration, upon which issue was taken.

And evidence having been adduced tending to prove that the slaves were the property of the defendants in the execution, and that the claim set up by the plaintiff, T. Ward, was colorable and void, the Court, on the motion of the plaintiff, instructed the jury that the execution under which the slaves were taken, issued from Carter to Fleming, "was illegal and void, and that it conferred no authority on the sheriff to make the levy, and that Ringo acquired no right by the levy, to said slaves, against the plaintiffs in this action, provided at the emanation of said execution, there was one on the same judgment, in the hands of the sheriff of Carter, and if these facts existed, they must find for the plaintiff."

The jury having found for the plaintiff, under this instruction, the defendants have brought the case to this Court.

The regularity of the issue of an execution to a county different from that in which the judgment is obtained, or defendant resides, cannot be enquired into in replevin, for property taken by a sheriff under such execution, especially on a trial where an issue is formed, as to the right of property alone, in defendant in the execution.

Without determining whether a motion to quash, directly made by the defendants in the execution, should be sustained, when the same has issued to another county than that of the residence of the defendants in the execution or the county where the judgment was obtained, without the return upon a previous execution required by the statute, or the proper affidavit; as such question does not now arise, and it would be extra judicial to determine it, we are clear that the question cannot be raised by Ward, the plaintiff in this case, if it could be raised collaterally in any case. The execution is a full authority to the sheriff to levy and sell, notwithstanding any irregularity in its emanation, which does not render it absolutely void. He is to look to the command of the writ, and it is his authority and justification for his acts, and he is not bound to look behind it or enquire into the steps which the law, as directory to the clerk, requires him to take, or see taken, prior to the issuing of the execution.

Besides, the plea of fraud does not put in issue the validity of the execution, but only claims property in the

slaves, and controverts, indirectly, property in the defendants in the execution.   Upon the fact of property or not in the plaintiffs, was issue taken, and that issue only is submitted to the jury.   The question of a *levy* under the execution is *conceded*, or at least *is not controverted*, and its validity or invalidity can have no bearing on their verdict.

The instruction of the Court was, therefore, misleading and erroneous.

Wherefore, the judgment is reversed and cause remanded, that a new trial may be granted, without costs, and the plaintiffs in error are entitled to their costs in this Court.

*Hord* for plaintiffs; *Owsley* for defendant.